UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ALVIN PARKER,                )
                             )
    Petitioner,              )
                             )
v.                           )     Case No. CIV-15-1311-D
                             )
JANET DOWLING, Warden,       )
                             )
    Respondent.              )

# REPORT AND RECOMMENDATION

Petitioner Alvin Parker, a state prisoner appearing pro se, has filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 4) seeking relief based upon his failure to obtain commutation of his state-court sentence. This matter has been referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Because Petitioner is challenging the execution of his sentence, the undersigned has construed his pleading as one brought pursuant to 28 U.S.C. § 2241.[1] As outlined herein, it is recommended that the Amended Petition be dismissed.

*I.    Background*

Petitioner is serving a 199-year prison sentence pursuant to a 1990 conviction in the District Court of Oklahoma County. Am. Pet. (Doc. No. 4) at 1; *see also* Pet. (Doc. No. 1). Petitioner alleges that he applied for commutation of his prison sentence but, in

---

[1] Petitioner filed this action on a 28 U.S.C. § 2254 form. A § 2254 action is appropriate where the habeas petitioner is challenging the validity of a state-court conviction and sentence, but because Petitioner is challenging the denial of a type of sentence clemency his claim attacks "the execution of the sentence" and is governed by § 2241. *See Alvin Parker v. Sirmons*, 152 F. App'x 705, 707 (10th Cir. 2005).

November 2015, "[t]he Parole Board arbitrarily denied Petitioner the right to be considered for commutation." Am. Pet. at 2. Petitioner additionally alleges that he was denied impartial review of his application due to members of the Pardon and Parole Board having various associations with his criminal trial proceedings. *See id.* at 3. Petitioner asserts that he is entitled to habeas relief because this arbitrary and improper denial of commutation violated his right to due process under the Fourteenth Amendment. *See id.* at 2-4.

Petitioner currently is incarcerated at Dick Conner Correctional Center ("DCCC") in Hominy, Osage County, Oklahoma. *See* Pet. at 1; Am. Pet. at 1. Osage County lies in the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. § 116(a). Oklahoma County lies in the territorial jurisdiction of the Western District of Oklahoma. *Id.* § 116(c).

II. *Transfer or Dismissal Pursuant to Tenth Circuit Authority*

The Tenth Circuit has prescribed that a petition seeking relief pursuant to 28 U.S.C. § 2241 must be initiated in the district of the petitioner's confinement—here, the Northern District of Oklahoma. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (stating that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined"); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *Phillips v. Kaiser*, 47 F. App'x 507, 510-11 & n.4 (10th Cir. 2002) (holding that the *Bradshaw* rule would apply to "a § 2241 petition challenging the execution of either [a] state or federal sentence"). Consequently, the initial Petition should have been filed in the Northern

2

District of Oklahoma, and this Court lacks jurisdiction to hear Petitioner's due process claim. *See Phillips*, 47 F. App'x at 511; *Knox v. Workman*, No. CIV-12-508-W, 2012 WL 2935101, at *1 (W.D. Okla. June 29, 2012) (R. & R.), *adopted*, 2012 WL 2952009 (W.D. Okla. July 17, 2012).

In the absence of jurisdiction, the Court may order either (1) dismissal of the Amended Petition, or (2) if "in the interest of justice," transfer of the proceedings to the United States District Court for the Northern District of Oklahoma. 28 U.S.C. § 1631; *see Phillips*, 47 F. App'x at 511. In deciding whether transfer is "in the interest of justice," the Court is authorized to "take a peek" at the merits of the Amended Petition to avoid transferring a case that is "clearly doomed." *See Phillips*, 47 F. App'x at 511-12; *United States v. Dotson*, 430 F. App'x 679, 684 (10th Cir. 2011); *cf. Haugh*, 210 F.3d at 1150 (analyzing transfer of misfiled § 2255 motion). Because that is the case here, dismissal rather than transfer is appropriate.

As with his prior petitions involving parole denials,[2] Petitioner's sole ground for relief is an alleged violation of his due process rights due to the Pardon and Parole Board's improper review and "arbitrary" failure to grant a recommendation (or "qualification") to the Governor that Petitioner's sentence should be commuted. *See* Am. Pet. at 2-4. Under Oklahoma law, the Pardon and Parole Board is authorized to conduct an "impartial review" of an application for "commutation, parole, pardon, or other act of

---

[2] Petitioner "has a habit of filing a habeas action each time an opportunity for parole is unsuccessful." *Alvin Parker v. Martin*, No. CIV-14-862-D, 2015 WL 2254827, at *1 n.1 (W.D. Okla. May 13, 2015), *appeal dismissed sub nom. Alvin Parker v. Dowling*, 625 F. App'x 343 (10th Cir. 2015).

3

clemency" and provide a recommendation to the Governor, "said recommendation being advisory to the Governor and not binding thereon." Okla. Stat. tit. 57, § 332.2(A), (G). The power to grant commutation—i.e., a reduction to a lesser sentence—lies within the sole discretion of the Governor "after favorable recommendation by a majority vote of the Pardon and Parole Board." *Id.* § 332.2(A); Okla. Const. art. VI, § 10.

Federal habeas relief is available only for violations of federal law or the federal Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2241(c)(3). Petitioner is alleging that his due process rights were violated by the Pardon and Parole Board's improper review and its refusal to recommend him for sentence commutation based upon unspecified "arbitrary" grounds. To prevail on this type of due process claim, Petitioner may not rely upon alleged violations of state law; Petitioner must instead begin by pleading an actionable liberty interest. *See Fristoe v. Johnson*, 144 F.3d 627, 630 (10th Cir. 1998).

"A protected liberty interest may arise from either the Due Process Clause itself, or from a state or federal law." *Id.* As regards the Due Process Clause, the Tenth Circuit has explained that "[t]he Constitution does not itself afford . . . a liberty interest in a reduced sentence." *Id*. No federal law otherwise is implicated by Petitioner's claims. Nor does Petitioner have a state-created liberty interest in commutation of his sentence. "For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met." *Elwell v. Byers,* 699 F.3d 1208, 1214 (10th Cir. 2012).

> In Oklahoma, like most states, commutation of a prison sentence . . . is necessarily a speculative event. The decision to commute a sentence lies solely within the discretion of the Governor, and a prisoner has no claim of entitlement or expectation that it will occur. *See* Okla. Const. art[.] VI, § 10; Okla. Stat. tit. 57, § 332; *see also* Okla. Stat. tit. 57, § 332.2(A) (parole board's recommendation is merely advisory). . . . .
>
> Unless a prisoner has an expectation of parole or release under a law that sufficiently limits a parole board's exercise of discretion, the prisoner has no liberty interest protected by the Due Process Clause. *See Boutwell v. Keating,* 399 F.3d 1203, 1212-13 (10th Cir. 2005); *see also Jago v. Van Curen,* 454 U.S. 14, 20-21 (1981). Where commutation of a prison sentence or a grant of clemency lies solely within the discretion of the parole board or executive office, no constitutionally protected interest arises. *See Conn. Bd. of Pardons v. Dumschat,* 425 U.S. 458, 464-65 (1981).

*Dopp v. Patton*, No. CIV-14-453-D, 2014 WL 3700852, at *2-3 (W.D. Okla. July 25, 2014); *accord Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008) (noting that under the Oklahoma scheme, the Pardon and Parole Board has discretion whether to recommend clemency and the Governor has discretion whether to grant it, so "there is no constitutionally protected liberty interest in recommendation of commutation" and the petitioner had "no constitutional right to consideration of commutation").

As established by the above authorities, "Petitioner has no liberty interest in being recommended for sentence commutation under the Oklahoma statutes." *Peters v. Jenks*, No. 12-CV-166-TCK-TLW, 2012 WL 1621477, at *3 (N.D. Okla. May 9, 2012). "It follows that [Petitioner] has no claim for violation of procedural or substantive due process." *Id.* (dismissing prisoner's claim against Oklahoma Pardon and Parole Board officials for deprivation of due process based upon failure to receive order of

commutation).  Transfer of this "clearly doomed" pleading therefore is not in the interest of justice, and the action should instead be dismissed.

   III.   *Transfer or Dismissal Pursuant to 28 U.S.C. § 2241(d)*

In contrast to the statements appearing in *Bradshaw*, *Haugh*, and *Phillips*, 28 U.S.C. § 2241(d) by its own terms appears to permit Petitioner properly to file this action either in this Court or in the U.S. District Court for the Northern District of Oklahoma.

> [A]n application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts . . . may be filed in the district court wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  This concurrent-jurisdiction provision, rather than the *Bradshaw* rule, has been applied in some cases to § 2241 petitions brought by state prisoners.  *See, e.g.*, *Warnick v. Booher*, 425 F.3d 842, 844-45 & n.1 (10th Cir. 2005) (holding that venue remained proper under § 2241(d) after a § 2254 petition was transferred to another judicial district and then recharacterized as a § 2241 petition); *Green v. Sirmons*, No. 07-924-W, 2008 WL 649202, at *2, *7 & n.11 (W.D. Okla. Mar. 10, 2008) (rejecting application of *Bradshaw* to state prisoner's challenge to execution of state sentence and finding that concurrent jurisdiction exists when "the case fits within the boundaries of 28 U.S.C. § 2241(d)").  Similarly, the Tenth Circuit has stated that "[w]hen a case properly fits within the express boundaries" of 28 U.S.C. § 2241(d), concurrent jurisdiction lies "regardless of whether petitioner challenges his conviction or the administration of his

6

sentence." *See Smith v. Boone*, No. 99-6041, 1999 WL 682915, at *2 (10th Cir. Sept. 2, 1999).[3]

Assuming 28 U.S.C. § 2241(d) provides the Western District of Oklahoma and the Northern District of Oklahoma concurrent jurisdiction over this action, the Court should dismiss the Amended Petition pursuant to its screening authority under Rules 1(b) and 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Section 2254 Rules"). For the reasons cited above, "it plainly appears from the petition" that Petitioner "is not entitled to relief" on his meritless habeas claim. Section 2254 R. 4. The Court therefore "must dismiss" the Amended Petition. *Id.*

RECOMMENDATION

Based upon these considerations, the undersigned recommends that the Amended Petition be dismissed without prejudice. With dismissal, Petitioner's motions to expedite (Doc. Nos. 6, 8) should be denied as moot.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate

---

[3] The inconsistent applications of 28 U.S.C. § 2241(d) outlined herein likely stem, at least in part, from the fact that the Tenth Circuit is the only circuit that holds a § 2241 challenge is appropriate not only for federal prisoners but also for state prisoners in custody pursuant to a state-court judgment. *See, e.g., Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000); *see also* Nancy J. King & Suzanna Sherry, *Habeas Corpus and State Sentencing Reform: A Story of Unintended Consequences*, 58 Duke L.J. 1, 39 & n.152 (2008).

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 31st day of May, 2016.

*[signature]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE