# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-1311-D |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

Petitioner Alvin Parker ("Parker"), a state prisoner appearing pro se, appeals the Magistrate Judge's Report and Recommendation ("R&R") [Doc. No. 10] recommending that his Amended Petition for Writ of Habeas Corpus [Doc. No. 4] be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2241. Exercising de novo review pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 72(b)(3), the Court affirms and adopts the R&R for the reasons stated below.

Parker is currently serving a 199-year prison sentence pursuant to a conviction in 1990 for second degree murder. His current petition[1] alleges that (1) the parole board arbitrarily denied his right to be considered for commutation and (2) he was denied his right to an impartial investigation and study of his application for

---

[1] As noted in the R&R, Parker has filed multiple petitions challenging his parole denials. R&R at 3 n. 2.

commutation. The matter was referred to Magistrate Judge Charles Goodwin for initial proceedings. Judge Goodwin, construing Parker's petition as one brought under 28 U.S.C. § 2241, initially noted the Court lacked jurisdiction to hear Parker's claims since his place of confinement was located in Osage County, which lies in the Northern District of Oklahoma. R&R at 2. In lieu of transferring the case, however, Judge Goodwin determined a transfer of Parker's claim would not be in the interests of justice because it was destined to fail on its merits. *Id.* at 3.

Judge Goodwin began his analysis by noting federal habeas relief was only available for violations of federal law or the U.S. Constitution, and in order to prevail on his due process claim, Parker must plead an actionable liberty interest. *Id.* at 4. To this end, he concluded that neither the Constitution nor Oklahoma law afforded a liberty interest in a reduced/commuted sentence, and therefore, no federal law was implicated by Parker's claims *Id.* Consequently, Judge Goodwin recommended Parker's petition be dismissed for failure to state a claim.

The Court agrees with the magistrate's conclusion that Parker has failed to show an entitlement to relief under § 2241. A petition under § 2241 attacks the execution of a sentence rather than its validity. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "[H]abeas corpus is an extraordinary remedy [and its] use has been limited to cases of special urgency, leaving more conventional remedies for cases in

which the restraints on liberty are neither severe nor immediate." *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara Cty., Cal.*, 411 U.S. 345, 351 (1973). In the absence of a violation of a federal right, habeas corpus relief is not available. *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999) ("Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights.") (citation omitted).

As the magistrate correctly noted, Parker has "no constitutional or inherent right" to a commutation of his sentence. *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981); *Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008) ("Because there is no constitutionally protected liberty interest in parole when the grant of parole is discretionary – as it is under Oklahoma's statutory scheme – [Petitioner] has no constitutional right to consideration of commutation.") (citations omitted). It therefore follows that Parker has no claim for violation of procedural or substantive due process. *Id*. Accordingly, his petition, on its face, fails to state a claim for relief under § 2241 and the magistrate judge correctly held that it should be dismissed for failure to state a claim.

Petitioner's objections are overruled and the Report and Recommendation [Doc. No. 10] is hereby **AFFIRMED** and **ADOPTED** as set forth herein. A judgment shall be entered forthwith.

**IT IS SO ORDERED** this 22nd day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE